UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TORRENCE E. LANGHORNE,

                Plaintiff,

     -against-                        **MEMORANDUM AND ORDER**
                                                  23-CV-249 (RPK) (SIL)

THE COUNTY OF SUFFOLK, SUFFOLK
COUNTY POLICE DEPARTMENT, and
DET. PATRICK MCDERMOTT,

                Defendants.
-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Torrence E. Langhorne sues the County of Suffolk, the Suffolk County Police Department, and Detective Patrick McDermott, bringing claims under 42 U.S.C. § 1983 for alleged violations of his Fourth, Fifth, Sixth, and Eighth Amendment rights. For the reasons that follow, plaintiff's claims against the County of Suffolk and the Suffolk County Police Department are dismissed. Plaintiff's claims against Detective McDermott arising out of events in 2013 are also dismissed, as is plaintiff's claim under the Eighth Amendment. Plaintiff's remaining claims may proceed.

## BACKGROUND

    The following facts are taken from the amended complaint and are assumed to be true for purposes of this order. Plaintiff is a pretrial detainee at the Metropolitan Detention Center in Brooklyn, New York. Am. Compl. 4, 11 (Dkt. #6). He alleges that on at least four occasions between 2013 and 2020, detective McDermott "harassed [him], planted illegal evidence, [and] wrongfully accused [him of] drug sales and possession of narcotics in a continuing effort to incarcerate [him]." *Id*. at 4. First, in April 2013, Detective McDermott allegedly "plant[ed]

1

weapons and ha[d plaintiff] wrongfully detained" after "assum[ing plaintiff] was a local drug dealer." *Ibid*. Second, in June 2013, Detective McDermott allegedly "approached and wrongfully detained" plaintiff at the Suffolk County Department of Motor Vehicles. *Id*. at 4–5. Third, in August 2013, Detective McDermott allegedly "wrongfully detained and threatened" plaintiff. *Id*. at 5. And finally, on January 16, 2020, Detective McDermott allegedly planted "drugs and weapons" at plaintiff's home. *Ibid*. Plaintiff further asserts that Detective McDermott "gave a false testimony about how the drugs were discovered during a legal raid by law enforcement on Jan. 16th, 2020." *Ibid*.

Plaintiff filed this action on January 9, 2023. *See* Compl. (Dkt. #1). The Court granted plaintiff leave to proceed *in forma pauperis* but dismissed the complaint without prejudice because plaintiff did not allege sufficient facts to state a plausible claim. *See* Jan. 17, 2023 Order. Plaintiff then filed the operative first amended complaint. *See* Am Compl.

**STANDARD OF REVIEW**

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "seeks monetary relief against a defendant who is immune from such relief" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Fed. R. Civ. P. 8).

A *pro se* plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

2

**DISCUSSION**

Plaintiff's claims against the County of Suffolk and the Suffolk County Police Department are dismissed. Plaintiff's claims against Detective McDermott arising out of incidents occurring in 2013 are also dismissed, as is the claim under the Eighth Amendment.

**I.      Claims Against the County of Suffolk and the Suffolk County Police Department**

Plaintiff's claims against the County of Suffolk and the Suffolk County Police Department are dismissed. Under Section 1983, individuals may bring a private cause of action against persons acting under color of state law to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cnty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (citing 42 U.S.C. § 1983). To establish a Section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citation omitted). "A municipality may be held liable as a 'person' within the meaning of section 1983," but only "for violations of civil rights caused by the municipality's policy or custom." *Sarus v. Rotundo*, 831 F.2d 397, 400 (2d Cir. 1987) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)); *see Jackson v. DeMarco*, No. 10-CV-5477 (JS) (AKT), 2011 WL 1099487, at *3 (E.D.N.Y. Mar. 21, 2011) ("A municipal body, such as a county, may not be held liable under Section 1983 for the unconstitutional acts of its employees absent an allegation that such acts are attributable to a municipal custom, policy or practice.") (collecting cases).

Plaintiff fails to adequately allege that the County of Suffolk had a custom, policy, or practice that caused him to be deprived of a constitutional right. The complaint's only allegation in this regard is that defendants had an "illegal procedural policy." Am. Compl. 5. But the "mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of

allegations of fact tending to support, at least circumstantially, such an inference." *Yang Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)); *see Jackson*, 2011 WL 1099487, at *3 ("Conclusory allegations of municipal custom or policy will not suffice to satisfy the requirements of *Monell*."). And while plaintiff alleges that Detective McDermott fabricated evidence multiple times over a seven-year period, "a few violations by a small group of subordinate County employees with no policymaking authority [cannot] amount to the pervasive and widespread custom or practice necessary for municipal liability." *Rubio v. Cnty. of Suffolk*, 328 F. App'x 36, 38 (2d Cir. 2009) (alteration in original and citation omitted). Accordingly, plaintiff's claims against the County of Suffolk are dismissed.

For the same reason, plaintiff's claims against the Suffolk County Police Department are dismissed. "[T]he Suffolk County Police Department is a unit of the County of Suffolk, which, as a municipality, is not subject to liability under § 1983 unless there was a governmental policy or custom condoning or permitting" the alleged constitutional violations. *Walker v. U.S. Marshals Service*, No. 08-CV-959 (JG), 2010 WL 1444898, at *1 (E.D.N.Y. Apr. 13, 2010); *see Pena v. Suffolk Cnty. Police Dep't*, No. 21-CV-2496 (JS) (JMW), 2021 WL 3848299, at *2 (E.D.N.Y. Aug. 27, 2021) (collecting cases).

**II.     Claims Against Detective McDermott**

As to Detective McDermott, plaintiff's claims arising out of incidents occurring in 2013 are dismissed, as is the claim based on the Eighth Amendment.

   **A.     Plaintiff's Claims Arising Out of Events in 2013 Are Dismissed.**

Plaintiff's claims relating to incidents that occurred in 2013 are dismissed as untimely. "The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law." *Shomo*

*v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). "A Section 1983 claim ordinarily 'accrues when the plaintiff knows or has reason to know of the harm.'" *Ibid*. (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)). Plaintiff asserts that Detective McDermott wrongfully detained him on three occasions in 2013. *See* Am. Compl. 5. Plaintiff knew or had reason to know of the alleged harm in 2013, so any Section 1983 claim based on these events must have been filed by 2016. Because plaintiff filed the complaint in 2023 and alleges no facts suggesting that the statute of limitations should be tolled, *see Shomo*, 579 F.3d at 181, the claims based on events that occurred in 2013 are dismissed.

   **B. Plaintiff Fails to Allege that Detective McDermott Violated His Eighth-Amendment Rights.**

  Plaintiff fails to plausibly allege that his Eighth-Amendment rights were violated. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. The complaint's allegations that Detective McDermott harassed and threatened plaintiff, wrongfully detained him, and planted evidence do not state an Eighth Amendment claim. Accordingly, plaintiff's Section 1983 claim based on the Eighth Amendment is dismissed.

## CONCLUSION

  Plaintiff's claims against the County of Suffolk and the Suffolk County Police Department are dismissed. No summons shall issue as to those defendants, and the Clerk of Court is respectfully directed to amend the caption accordingly. Plaintiff's claims against Detective McDermott arising out of events in 2013 are also dismissed, as is the claim under the Eighth Amendment. Plaintiff's Section 1983 claims against Detective McDermott under the Fourth, Fifth, and Sixth Amendments and arising out of events in 2020 may proceed. The United States Marshals Service is directed to serve the summons, complaint, and a copy of this Order upon Detective

5

McDermott without prepayment of fees.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

    SO ORDERED.

                                                 /s/  Rachel Kovner
                                                 RACHEL P. KOVNER
                                                 United States District Judge

Dated:        May 9, 2023
               Brooklyn, New York