UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TORRENCE E. LANGHORNE,

                               Plaintiff,
   -against-

THE COUNTY OF SUFFOLK,
SUFFOLK COUNTY POLICE DEPARTMENT,
DET. PATRICK MCDERMOTT, and
JOHN DOE OR JANE DOE,

                              Defendants.
----------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
2:23-cv-00249 (RPK) (SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

       Presently before the Court in this Section 1983 action, on referral from the Honorable Rachel P. Kovner for report and recommendation, is Defendant Detective Patrick McDermott's ("Detective McDermott" or "Defendant") motion to dismiss *pro se* Plaintiff Torrence E. Langhorne's ("Langhorne" or "Plaintiff") Amended Complaint (or "Am. Compl."), Docket Entry ("DE") [6], for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). *See* Notice of Motion to Dismiss ("Defendant's Motion" or "Def. Mot."), DE [13]; Defendant's Memorandum of Law in Support of his Motion to Dismiss ("Def. Mem."), DE [13-1].

       On October 17, 2022, Langhorne was convicted by a jury of: (i) two counts of distribution and possession with intent to distribute cocaine; (ii) two counts of distribution and possession with intent to distribute cocaine base; and (iii) one count of possession with intent to distribute cocaine base. *See* Min. Entry for a Criminal Trial 2, *USA v. Lemay*, No. 2:20-cr-00235-JS-2 (E.D.N.Y. Oct. 17, 2022); Judgment 2, *Lemay*, No. 2:20-cr-00235-JS-2 (E.D.N.Y. Sept. 28, 2023).  Plaintiff was sentenced to

a period of incarceration of 66 months, followed by three years of supervised release. *Id.* at 2-3. By way of his Complaint dated January 9, 2023, DE [1], later modified by the Amended Complaint dated February 14, 2023 and filed February 21, 2023, Plaintiff commenced this action for violations of his 42 U.S.C. § 1983 ("Section 1983") rights under: (i) the Fourth Amendment to the United States Constitution; (ii) the Fifth Amendment; (iii) the Sixth Amendment; and (iv) the Eighth Amendment. *See* Am. Compl. Langhorne does not specify on which clause of any Amendment he bases his claims.

On May 9, 2023, the Court dismissed Langhorne's claims against the County of Suffolk and the Suffolk County Police Department in their entirety and his causes of action against Detective McDermott based on the Eighth Amendment and on events in 2013, allowing to proceed only Plaintiff's claims against McDermott arising out of events in 2020 brought under the Fourth, Fifth, and Sixth Amendments related to harassment, planting of evidence, and wrongful detention. *See* Memorandum and Order, DE [7], at 1-2, 5. On October 5, 2023, Defendant moved to dismiss the remainder of the Amended Complaint. *See* Def. Mot. For the reasons set forth herein, the Court respectfully recommends granting Defendant's Motion and dismissing the Amended Complaint without prejudice.

**I. BACKGROUND**

**A. Relevant Facts**

Unless otherwise indicated, the facts set forth herein are taken from the Amended Complaint and are accepted as true for purposes of this Report and Recommendation. Because this Court has already dismissed several of Plaintiff's

2

causes of action, *see* Memorandum and Order, DE [7], the Court will not recite facts relevant only to those claims. Plaintiff alleges that on or about January 16, 2020, Detective McDermott maliciously prosecuted Plaintiff, planted "drugs and weapons" in his home, and "gave a false testimony about how the drugs were discovered during a legal raid by law enforcement," Am. Compl., §§ IV.A., IV.C., IV.D, as a part of "a continuing effort to incarcerate Mr. Langhorne" between 2013 and 2020, leading to Plaintiff's wrongful detention. *Id.*, §§ III.D, IV.A, IV.D.

### B. Procedural History

Langhorne was indicted on September 3, 2020 on various charges related to the possession and distribution of controlled substances, which indictment was superseded on February 17, 2022. *See* Superseding Indictment, *Lemay*, No. 2:20-cr-00235-JS-2 (E.D.N.Y. Sept. 3, 2020); Second Superseding Indictment, *Lemay*, No. 2:20-cr-00235-JS-2 (E.D.N.Y. Feb. 17, 2022). Plaintiff was arraigned on September 11, 2020 and entered a plea of not guilty to all charges. *See* Minute Entry, *Lemay*, No. 2:20-cr-00235-JS-2 (E.D.N.Y. Sept. 11, 2020). On October 17, 2022, Langhorne was convicted after a jury trial of: (i) two counts of distribution and possession with intent to distribute cocaine; (ii) two counts of distribution and possession with intent to distribute cocaine base; and (iii) one count of possession with intent to distribute cocaine base. *See* Min. Entry for a Criminal Trial 2, *Lemay*, No. 2:20-cr-00235-JS-2 (E.D.N.Y. Oct. 17, 2022); Judgment 2, *Lemay*, No. 2:20-cr-00235-JS-2 (E.D.N.Y. Sept. 28, 2023). On September 28, 2023, Plaintiff was sentenced to a period of incarceration of 66 months, followed by three years of supervised release. *Id.* at 2-3. Langhorne

filed a notice of appeal on October 4, 2023. *See* Notice of Appeal, *Lemay*, No. 2:20-cr-00235-JS-2 (E.D.N.Y. Oct. 4, 2023). As of the date of the posting of this Report and Recommendation, the Court of Appeals has not issued a decision.

By way of his Complaint dated January 9, 2023, DE [1], later modified by the Amended Complaint dated February 14, 2023 and filed February 21, 2023, Plaintiff commenced this action and now alleges violations of his Section 1983 rights under: (i) the Fourth Amendment; (ii) the Fifth Amendment; (iii) the Sixth Amendment; and (iv) the Eighth Amendment, without specifying which clause of any Amendment forms the basis for his claims. *See* Am. Compl.

On May 9, 2023, the Court dismissed Langhorne's claims against the County of Suffolk and the Suffolk County Police Department in their entirety and his causes of action against Detective McDermott based on the Eighth Amendment and events occurring in 2013, allowing only Plaintiff's claims against McDermott arising out of events in 2020 brought under the Fourth, Fifth, and Sixth Amendments related to harassment, planting of evidence, and wrongful detention to proceed. *See* Memorandum and Order, DE [7], at 1-2, 5. *See* Memorandum and Order, DE [7] at 5.

## II. LEGAL STANDARDS

### A. Motions to Dismiss under Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955,

4

1960 (2007)). A claim is considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. But a pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a court must 'accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'" *U.S. ex rel. Siegel v. Roche Diagnostics Corp.*, 988 F. Supp. 2d 341, 343 (E.D.N.Y. 2013) (quoting *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009)). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted); *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Pleadings by *pro se* plaintiffs are held "to less stringent standards than [those] drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980); *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded,

5

must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations omitted).  The Second Circuit has held that a court reviewing a *pro se* complaint must "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (internal alterations omitted); *see Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999) (holding that a court must "make reasonable allowances" so that *pro se* plaintiffs do not "forfeit their rights by virtue of their lack of legal training") (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  The court, however, "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Ogunmokun v. Am. Educ. Servs./PHEAA*, No. 12-CV-4403, 2014 WL 4724707, at *3 (E.D.N.Y. Sep. 23, 2014) (quoting *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995)).

When ruling on a motion to dismiss for failure to state a claim, a court may "take judicial notice of certain matters of public record without converting the motion into one for summary judgment," including "criminal case dispositions*." Elite Union Installations, LLC v. Nat'l Fire Ins. Co. of Hartford*, 559 F. Supp. 3d 211, 218 (S.D.N.Y. 2021); *see Floyd v. Rosen*, No. 21-CV-1668, 2022 WL 1451405, at *2 (S.D.N.Y. May 9, 2022) (collecting cases); *Johnson v. Pugh*, No. 11-CV-385, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) (taking judicial notice of a plaintiff's "conviction [ ] and sentencing as a matter of public record").

### B. The *Heck* Doctrine

In *Heck v. Humphrey*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [Section] 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372 (1994). "Significantly, the *Heck* bar is only triggered when success on a [Section] 1983 claim necessarily implicates a Plaintiff's underlying conviction." *Johnson v. Suffolk Cnty.*, No. 11-CV-2481, 2021 WL 1163021, at *3 (E.D.N.Y. Mar. 26, 2021). "Disposition of the case on *Heck* grounds, however, warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction" be invalidated pursuant to *Heck*. *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (citing *Heck*, 512 U.S. at 487, 114 S.Ct. 2364).

### C. Probable Cause

Where a plaintiff brings a claim for false arrest, "'a conviction of the plaintiff following the [challenged] arrest is viewed as establishing the existence of probable cause' sufficient to preclude a false arrest claim." *Poole v. Hawkins*, No. 18-CV-443, 2021 WL 695119, at *6 (E.D.N.Y. Feb. 23, 2021) (quoting *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) (dismissing a false arrest cause of action where the plaintiff was subsequently convicted); *see Phelan v. Sullivan*, 541 F. App'x 21, 23 (2d

7

Cir. 2013) ("A false arrest claim is defeated by the plaintiff's conviction for the offense for which he was arrested."); *Drayton v. Young*, No. 17-CV-5440, 2018 WL 5831324, at *4 (S.D.N.Y. Nov. 7, 2018) ("a conviction for the offense which precipitated the arrest is definitive evidence of probable cause") (internal citation omitted). Probable cause also bars a false imprisonment cause of action based on an arrest leading to a conviction. *Wong v. Yoo*, 649 F. Supp. 2d 34, 58 (E.D.N.Y. 2009) (citing *Bernard v. U.S.*, 25 F.3d 98, 102 (2d Cir. 1994)); *see Mitchell v. Home*, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005) ("because false arrest is a type of false imprisonment, the two claims have identical elements"). Finally, a plaintiff cannot bring a malicious prosecution claim where that plaintiff was convicted as a result of the challenged prosecution, because such conviction establishes probable cause. *See Elek v. Inc. Vill. of Monroe*, 815 F. Supp. 2d 801, 808 (S.D.N.Y. 2011). If a conviction is overturned on appeal, the existence of probable cause based on that conviction becomes a presumption that may be rebutted "only by a showing that conviction itself was a result of fraud, perjury, or other unethical acts on the part of the defendant." *Hutchins v. Solomon*, No. 16-CV-10029, 2018 WL 4757970, at *13 (S.D.N.Y. Sept. 29, 2018) (quoting *id.*).

### III. DISCUSSION

#### A. Plaintiff's Fourth Amendment Claims

Initially, Defendant argues that Langhorne has failed to state a claim for false arrest and malicious prosecution under the Fourth Amendment, pursuant to Section 1983, because there was probable cause to search Plaintiff's home and arrest him, and because Langhorne's claims are barred by his conviction. *See* Def. Mem. at 6-11. Interpreting the Amended Complaint to "raise the strongest arguments that it

8

suggests," *Weixel*, 287 F.3d at 146, the Court construes Plaintiff's allegations as asserting claims of malicious prosecution, false arrest and false imprisonment in violation of the Fourth Amendment. *See* Am. Compl. at §§ IV.A, IV.D.

The Supreme Court has explained that a plaintiff asserting a Fourth Amendment malicious prosecution claim under Section 1983 "must demonstrate, among other things, that he obtained a ***favorable termination*** of the underlying criminal prosecution," which a plaintiff can do by showing "that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39, 142 S. Ct. 1332, 1335 (2022) (emphasis in original) (citing *Heck*, 512 U.S. at 484, and n. 4, 114 S.Ct. at 2371)). As explained above, Langhorne has been convicted in the underlying criminal prosecution, and accordingly cannot state a Fourth Amendment cause of action for malicious prosecution under *Heck*. *See id*. Moreover, Plaintiff's conviction establishes probable cause with respect to the challenged prosecution, which also bars this claim. *See Elek*, 815 F. Supp. 2d at 808; *Fullewellen v. City of New York*, No. 21-CV-7219, 2023 WL 2390551, at *3 (S.D.N.Y. Mar. 7, 2023).

As to Plaintiff's false arrest cause of action, "Fourth Amendment claims for unlawful arrest . . . do not ordinarily fall within the *Heck* rule" because they would not "not necessarily call into question the validity of a plaintiff's eventual conviction unless the evidence underlying the conviction was the fruit of such unlawful actions," or if "the conviction was dependent on evidence obtained as a result of the arrest." *Fifield v. Barrancotta*, 353 F. App'x 479, 480–81 (2d Cir. 2009). The Court does not decide whether this exception to the holding in *Fifield* applies because "probable

9

cause is a complete defense to an action for false arrest," *Boykins v. Lopez*, No. 21-CV-2831, 2022 WL 2307684, at *7 (S.D.N.Y. June 27, 2022) (citing *Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015)). Because Plaintiff was convicted as a result of the arrest he challenges, and "a conviction for the offense which precipitated the arrest is definitive evidence of probable cause," *Drayton*, 2018 WL 5831324, at *4, Langhorne cannot establish a claim for false arrest unless his conviction is overturned. *See Hutchins v. Solomon*, No. 16-CV-10029, 2018 WL 4757970, at *13 (S.D.N.Y. Sept. 29, 2018).

Probable cause also bars Plaintiff's false imprisonment cause of action. *See Wong*, 649 F. Supp. at 58. As explained above, Plaintiff's conviction is "definitive evidence of probable cause" for the arrest, *Drayton*, 2018 WL 5831324, at *4, thus defeating his claim. *See Fullewellen*, 2023 WL 2390551, at *3 (citing *Cameron*, 806 F.2d at 387). Accordingly, the Court recommends dismissing Plaintiff's causes of action under the Fourth Amendment without prejudice, with leave to renew if his conviction is overturned on appeal.

### B. Plaintiff's Fifth and Sixth Amendment Claims

Next, Detective McDermott argues that Langhorne's claim under the Fifth Amendment should be dismissed because Plaintiff asserts no basis for this claim, and that his Fifth and Sixth Amendment claims should be dismissed under the *Heck* doctrine. Def. Mem. at 10. Langhorne does not specify his intended basis for a claim under the Fifth or Sixth Amendments, but the Second Circuit has opined that a plaintiff may bring a claim under the due process clauses of the Fifth and Fourteenth

10

Amendments or the Sixth Amendment right to a fair trial if the plaintiff alleges a government official fabricated evidence or gave false testimony. *See Garnett v. Undercover Officer C0039*, 838 F.3d 265, 276, n.6 (2d Cir. 2016); *Morse v. Fusto*, 804 F.3d 538, 547, n.7 (2d Cir. 2015). While the Fifth Amendment due process clause governs the conduct of federal, not state or municipal, actors, *see Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 337 (E.D.N.Y. 2014), "the [Supreme] Court has held that the due process clause of the Fifth Amendment prohibits federal action if the same action taken by a state would be proscribed under the Fourteenth Amendment." *U. S. Postal Serv. v. Brennan*, 574 F.2d 712, 717, n.10 (2d Cir. 1978) (citing *Bolling v. Sharpe*, 347 U.S. 497, 499, 74 S. Ct. 693, 694 (1954)). The Court liberally construes Plaintiff's Fifth Amendment due process cause of action as one brought under the Fourteenth Amendment, *see Hall v. Suffolk Cnty. Corr. Facility*, No. 20-CV-2809, 2022 WL 20085974, at *4 (E.D.N.Y. July 19, 2022), which applies to state actors, *see Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996), and interprets Langhorne's Sixth Amendment cause of action as a claim for violation of his right to a fair trial.

The *Heck* doctrine bars Langhorne's causes of action based on Defendant's alleged false testimony and alleged fabricated evidence because they would "impugn the validity of [Plaintiff's] conviction." *Bailey v. City of New York*, 79 F. Supp. 3d 424, 455 (E.D.N.Y. 2015); *see Kevilly v. New York*, 410 F. App'x 371, 375 (2d Cir. 2010) (holding that a plaintiff's claims regarding "false testimony of witnesses and police officers" and "evidence tampering" would be barred by *Heck* where that plaintiff had been convicted during the prosecution underlying those causes of action); *Shabazz v.*

11

*Kailer*, 201 F. Supp. 3d 386, 395 (S.D.N.Y. 2016) (explaining that, under *Heck*, a challenge to fabricated evidence at trial could not have been brought before plaintiff's convictions were overturned); *Pugh v. Wright*, No. 13-CV-7350, 2014 WL 639421, at *2 (E.D.N.Y. Feb. 14, 2014) (holding that *Heck* bars a Section 1983 claim based on false testimony of a parole officer); *Whaley v. Lopez*, No. 12-CV-2889, 2012 WL 3137900, at *8 (E.D.N.Y. July 30, 2012) (explaining that claims regarding false testimony and evidence tampering are barred by *Heck*). Langhorne cannot bring these claims under Section 1983 unless he can show that his conviction has been invalidated, as set forth in *Heck*. *See* 512 U.S. at 487, 114 S. Ct. at 2372. Accordingly, the Court recommends dismissal of these causes of action without prejudice. *See Amaker*, 179 F.3d at 52.

### C. Detective McDermott's Defense of Qualified Immunity

Finally, Detective McDermott argues that he is entitled to qualified immunity as to Langhorne's Section 1983 claims. *See* Def. Mem. at 10-11. A district court may only grant a Rule 12(b)(6) motion on qualified immunity grounds "if the facts supporting the defense appear on the face of the complaint." *Hyman v. Abrams*, 630 F. App'x 40, 42 (2d Cir. 2015) (internal citation omitted). "The existence of either actual probable cause or arguable probable cause establishes qualified immunity from a false arrest claim," *Barnett v. Mount Vernon Police Dep't*, 523 F. App'x 811, 813 (2d Cir. 2013), a false imprisonment claim, *see Angevin v. City of New York*, 204 F. Supp. 3d 469, 478 (E.D.N.Y. 2016), and a malicious prosecution claim. *See McKay v. City of New York*, 32 F. Supp. 3d 499, 511 (S.D.N.Y. 2014). As explained above,

Plaintiff's conviction establishes probable cause as to each of his Fourth Amendment claims. Accordingly, Detective McDermott is entitled to qualified immunity as to these causes of action.

As to Detective McDermott's defense of qualified immunity from Plaintiff's claims based on the Fourteenth Amendment due process clause and the Sixth Amendment right to a fair trial, "qualified immunity is unavailable on a claim for denial of the right to a fair trial where that claim is premised on proof that a defendant knowingly fabricated evidence." *Morse v. Spitzer*, No. 07-CV-4793, 2012 WL 3202963, at *6 (E.D.N.Y. Aug. 3, 2012) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997)). As to Langhorne's allegations of false testimony, facts supporting qualified immunity from this claim do not appear on the face of the Amended Complaint, *see Hyman*, 630 F. App'x at 42, and probable cause does not establish qualified immunity from a false testimony claim under the Sixth Amendment right to a fair trial. *See Garnett*, 838 F.3d at 278 ("probable cause is no defense to a denial of the right to a fair trial claim"). The same is true where a plaintiff alleges a due process violation under the Fourteenth Amendment based on a state or municipal actor's falsification of evidence, *see Buari v. City of New York*, 530 F. Supp. 3d 356, 396 (S.D.N.Y. 2021), or false testimony. *See Morse*, 2012 WL 3202963, at *7. Accordingly, the Court cannot conclude at this stage that Detective McDermott is entitled to qualified immunity from Plaintiff's Sixth and Fourteenth Amendment claims.

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends granting Defendant's Motion in its entirety and dismissing Langhorne's Amended Complaint without prejudice.

## V. OBJECTIONS

A copy of this Report and Recommendation is being sent to defense counsel electronic filing on the date below. Defense counsel shall serve a copy of this Report and Recommendation on *pro se* Plaintiff within three days and file proof of service on the docket. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:     Central Islip, New York
           June 26, 2024

                                                  s/ Steven I. Locke
                                                  STEVEN I. LOCKE
                                                  United States Magistrate Judge